**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSEPH PIUS ANARI, | No. 16-70728 |
| Petitioner, | Agency No. A208-307-398 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Joseph Pius Anari, a native and citizen of Nigeria, petitions pro se from the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Anari failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Nigerian government. *See id*. at 1073.

As to Anari's claim for relief based on problems with his ex-girlfriend's ex-husband, substantial evidence supports the agency's determination that he failed to establish that this was on account of a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute is not grounds for relief unless connected to a protected ground). We lack jurisdiction to review Anari's contentions regarding the Black Axe Cult or his membership in a particular social group because these contentions were not raised to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (exhaustion is mandatory and jurisdictional).

As to Anari's claim for relief based on religion, substantial evidence does not support the agency's finding that the harm that Anari and his family suffered

16-70728

did not rise to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (totality of the circumstances compelled finding of past persecution).

Thus, we deny in part and grant in part Anari's petition for review, and remand his asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**